## THE FLORIDIAN.
### No. 8255.

Circuit Court of Appeals, Ninth Circuit,
Feb. 15, 1937.

William P. Lord, of Portland, Or., for appellants.

McCamant, Thompson & King, of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, William McDonald, William Long, and E. M. Daugherty, filed their libel in rem and in personam against the steamship Floridian and Strachan's Southern Steamship Company to recover compensatory damages and allowances for maintenance on account of personal injuries alleged to have been sustained by appellants on October 21, 1934, while employed as members of the Floridian's crew on a voyage from Portland, Oregon, to New York City. The libel alleges: "That on said 21st day of October, 1934, said vessel was unseaworthy, proximately causing libelants' injuries, in the following particulars: (1) that the owners and/or charterers had lashed on the main deck, between #4 and #5 hatch, a spare propeller weighing several tons, and which lay between certain chains used in steering the vessel, and said propeller being located in said place there was danger in event of the lashing becoming loose or breaking, and the appliances used for holding said propeller down becoming worn or insufficient, and the same were defective and insufficient, crystallized, that the blade would shift and jam the said steering gear, and thereafter when the

vessel encountered a storm, the propeller shifted and jammed the stearing gear and rendered said vessel helpless and floundering in the trough of the waves, thereby knocking libelants about and injuring libelants. . . ."

The trial court, after hearing the case, made and filed its findings of fact and conclusions of law, as required by Admiralty Rule 46½, 28 U.S.C.A. following section 723, and thereupon entered its decree dismissing the libel. This appeal followed.

■ There are five assignments of error. Assignment 1 is that the court erred in dismissing the libel and decreeing costs against appellants. Assignment 5 is that the court erred in failing to hold that appellants were entitled to damages. These assignments are too general, being, in effect, mere assertions by appellants that the case should have been decided in their favor. Such assignments present nothing for review. Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency Co. (C.C.A.8) 73 F.(2d) 18, 19.

■ Assignment 2 is that the court erred in finding that the Floridian was seaworthy. Assignment 4 is that the court erred in failing to find that she was unseaworthy. Whether, in these respects, error was committed it is unnecessary to decide, in view of other findings which the trial court made, as follows: "That when the Floridian left . . . Portland, Oregon, it carried with it as a matter of precaution a spare propeller. That the said propeller was stowed on the well deck of the Floridian between Hatch Four and Hatch Five thereof and was fastened by chains . . . to eye-pads which were firmly secured to the deck of the Floridian . . . That . . . on the morning of October 21, 1934, the Floridian passed out of the Columbia River and proceeded thereafter in a southwesterly direction in the Pacific Ocean . . . That [thereafter] on the morning of said day the Floridian encountered a storm of extreme severity, a wind of hurricane strength and seas of extreme weight and power . . . For a number of hours on the 21st of October, 1934, the decks of the Flor-

idian were awash and heavy seas were rolling over them. That the libelants William Long and E. M. Daugherty were caught by the said seas and sustained injuries which made it necessary for them to receive medical and hospital care [1] . . . That the libelant William McDonald did not receive injuries of any consequence . . . That because of the severity and hurricane strength of the storm aforesaid and the heavy seas encountered by the Floridian on the 21st of October, 1934, some of the eye-pads to which the spare propeller . . . was attached broke loose from the deck of the Floridian and the propeller jammed one of the steering rods and for a time it became impossible to steer the Floridian. That the injuries sustained by William Long were sustained by him prior to the time when there was trouble with the spare propeller. That the injuries of E. M. Daugherty were sustained subsequent to the time when the ship had trouble with the spare propeller. That the injuries sustained by libelants William Long and E. M. Daugherty were due to the severity of the storm and to the heavy seas which beat upon and rolled over the Floridian on the 21st of October, 1934, and were not due to any unseaworthy condition of the Floridian or to any negligence or lack of care on the part of its owner or officers."

These findings are not challenged by any assignment of error and are, therefore, accepted as correct. It thus appears that appellant McDonald sustained no injuries, and that those sustained by appellants Long and Daugherty were not caused by the vessel's unseaworthiness or by any of the matters and things complained of in the libel. Whether the vessel was or was not unseaworthy is, therefore, immaterial. Christensen v. Matson Navigation Co. (D.C.N.D. Cal.) 209 F. 266.

■ Assignment 3 is that the court erred in "denying" appellants' objections to the findings of fact. The assignment does not state, nor does the record show, what these objections were. The assignment, therefore, presents nothing for review.

Decree affirmed.

---

[1] The court found that proper maintenance and cure had been provided for Long and Daugherty. There was no claim for wages.